UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ROLAND BERNARD JR.         CIVIL ACTION NO. 6:20-cv-01301

VERSUS                                  JUDGE SUMMERHAYS

OMEGA PROTEIN INC. ET AL.        MAGISTRATE JUDGE HANNA

## MEMORANDUM RULING

Currently pending is the motion to transfer venue, which was filed by defendant Alpha VesselCo, LLC. (Rec. Doc. 28). The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is granted.

## Background

This lawsuit was originally filed in the United States District Court for the Eastern District of Louisiana. In his complaint, the plaintiff, Roland Bernard, Jr., alleged that he was a member of the crew of the F/V TERREBONNE BAY, a fishing vessel owned by defendant Alpha VesselCo LLC and operated by defendant Omega Protein, Inc.[1] He alleged that, on August 28, 2019, he was injured while in the course and scope of his employment, and he further alleged that his injuries were caused by

---

[1] The plaintiff's claim against Omega Protein, Inc. was dismissed (Rec. Doc. 19) because Alpha VesselCo, LLC admitted that it was both the owner and the operator of the F/V TERREBONNE BAY (Rec. Doc. 17-1 at 1).

the fault of the defendants and the unseaworthiness of the vessel.  The day before Mr. Bernard filed his suit, Timmy Minor filed a similar lawsuit in the Western District of Louisiana, claiming that he too was a member of the F/V TERREBONNE BAY'S crew and injured in the same incident.[2]  Both Mr. Bernard and Mr. Minor were also claimants in a limitation action filed in the Western District and arising out of the same incident.[3]

While this case was pending in the Eastern District, defendant Alpha VesselCo, LLC filed the instant motion to transfer venue to the United States District Court for the Western District of Louisiana, arguing that the case should be transferred either under the Fifth Circuit's first-to-file rule or alternatively under 28 U.S.C. §1404(a) for the convenience of the parties and witnesses.  (Rec. Doc. 28). After analyzing the issues presented, the judge presiding over the matter in the Eastern District expressly found that there is substantial overlap between this case and Mr. Minor's case, which was filed one day earlier in the Western District, warranting transfer under the first-to-file rule.  (Rec. Doc. 38 at 4).  In order to avoid any statute-of-limitations problems, however, this case was transferred to the

---

[2]     Mr. Minor's suit is styled *Minor v. Omega Protein, Inc., et al.*, and was assigned Civil Action No. 6:19-cv-01194 on the Western District's docket.

[3]     The limitation action was entitled *In the Matter of the Complaint of Alpha VesselCo, LLC, as Owner and Operator of F/V TERREBONNE BAY, for Exoneration from or Limitation of Liability*, and was assigned Civil Action No. 6:19-cv-01253 on the Western District's docket.

Western District for the purpose of having the Western District decide the motion to transfer.  (Rec. Doc. 38 at 4, n. 14).

In November 2020, Mr. Bernard passed away, and his complaint was amended to substitute his sons and legal heirs, Roland Bernard, III and Jarrian Baudoin, as the plaintiffs in this lawsuit.  (Rec. Doc. 54).

## Law and Analysis

Alpha argued that this action should be transferred from the United States District Court for the Eastern District of Louisiana to the United States District Court for the Western District of Louisiana under the first-to-file rule and then consolidated with Mr. Minor's action.  The plaintiffs opposed the motion on the basis that the first-to-file rule is not mandatory and there is no overlap between the injuries and damages sustained by the two injured men.

"The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed."[4]  "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."[5]  For the rule to be applicable, neither the parties nor the issues in the two

---

[4]     *Save Power Ltd. V. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

[5]     *Cadle Co. v. Whataburger of Alice, Inc*., 174 F.3d 599, 603 (5th Cir. 1999).

3

suits must be identical.[6]  Instead, courts consider factors such as whether the core issues in the two suits are the same and whether much of the proof adduced in the two suits would likely be the same.[7]

The first-to-file rule promotes comity and sound judicial administration by maximizing judicial economy and minimizing the risk of inconsistent outcomes.[8] The danger of refusing to apply the doctrine is that rulings made by the second-filed court "would either conflict with a ruling either made [by the first-filed court], rehash an issue already decided, or trench on a sister court's treatment of the issue before it has been reached there."[9]  "Therefore, the 'first to file rule' not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated."[10]  The second-filed court has discretion to "decline

---

[6]    *Save Power Ltd. V. Syntek Fin. Corp*., 121 F.3d at 950-51.

[7]    *Int'l Fid. Ins. v. Sweet Little Mex. Corp*., 665 F.3d 671, 678 (5th Cir. 2011).

[8]    *Green Tree Servicing, LLC .v Clayton*, 689 Fed. App'x 363, 367 (5th Cir. 2017) (citing *Cadle Co. v. Whataburger of Alice, Inc*., 174 F.3d at 603-04).

[9]    *Cadle Co. v. Whataburger of Alice, Inc*., 174 F.3d at 604.

[10]    *Sutter Corp. v. P&P Indus., Inc*., 125 F.3d 914, 920 (5th Cir. 1997).

jurisdiction. . . and defer to the first-filed court in order to avoid unnecessary litigation and the risk of an inconsistent result."[11]

In this case, it is undisputed that Mr. Minor's case was filed first. The two lawsuits arose out of the same incident. Both Mr. Minor and Mr. Bernard claimed that they were seamen working for the same employer and assigned to work on the same vessel when the accident occurred. Both plaintiffs alleged that they were injured because an unsecured net fell overboard as the vessel accelerated. The plaintiffs sued the same defendant and articulated virtually identical factual allegations and claims regarding the defendant's negligence and liability. Both plaintiffs seek remedies under the Jones Act, under the general maritime law for alleged unseaworthiness, and under the general maritime law for maintenance and cure. The same witnesses and the same evidence will be necessary to establish both plaintiffs' liability claims. Additionally, both plaintiffs were claimants in a related limitation action. While it is true that each plaintiff will be required to put on different evidence regarding his own particular injuries, medical care, and damages calculation, the liability aspects of both men's claims will be virtually identical. The facts, the witnesses, the records, and the issues underlying the liability portions of

---

[11]     *Burger v. American Maritime Officers Union*, 170 F.3d 184, *2 (5th Cir. 1999) (unpublished opinion) (citing *Sutter Corp. v. P&P Indus., Inc.*, 125 F.3d at 920). See, also, *Int'l Fid. Ins. v. Sweet Little Mex. Corp.*, 665 F.3d at 677.

the two suits are the same.  This Court therefore finds that there is substantial overlap between the two lawsuits and further finds that closely related factual and legal questions will have to be addressed in order to resolve the plaintiffs' claims.

Having found that there is substantial overlap between this lawsuit and the suit filed by Mr. Minor, this Court also concludes that the Fifth Circuit's first-to-file rule should be applied in this case.  While the first-to-file rule is discretionary and not mandatory, this Court finds that the best course of action would be to unite the related cases in the same district court in order to minimize the likelihood of duplicative litigation and inconsistent results, especially since the limitation action is already pending in this court.

Alpha alternatively argued that this lawsuit should be transferred from the Eastern District to the Western District under 28 U.S.C. § 1404 for the convenience of the parties.  The plaintiffs did not address that argument in their briefing; therefore, it remains unopposed.  However, this Court has already decided that this lawsuit should be transferred in accordance with the first-to-file rule.  Therefore, it is not necessary to address whether the case should be transferred for the convenience of the parties, and further consideration of that alternative argument is pretermitted.

## Conclusion

For the foregoing reasons,

6

IT IS ORDERED that defendant Alpha VesselCo, LLC's motion to transfer venue (Rec. Doc. 28) is GRANTED, and this action is transferred from the United States District Court for the Eastern District of Louisiana to the United States District Court for the Western District of Louisiana.

Signed at Lafayette, Louisiana, this 8th day of December 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE